UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:  8/3/22
```

OSCAR MINAYA,

                    Movant,                    22-CV-6338 (JFK)

          -against-                            11-CR-0755-5 (JFK)

UNITED STATES OF AMERICA,                      **ORDER TO AMEND**

                    Respondent.

**JOHN F. KEENAN, United States District Judge:**

Movant Oscar Minaya, currently incarcerated in the United
States Penitentiary – Big Sandy in Inez, Kentucky, brings this
*pro se* motion challenging the legality of his sentence entered
in *United States v. Minaya*, No. 11-CR-0755-5 (JFK) (S.D.N.Y. May
27, 2014). For the following reasons, the motion is designated
as a motion under 28 U.S.C. § 2255, and the Court directs Minaya
to file an amended Section 2255 motion within 60 days of the
date of this order.

**STANDARD OF REVIEW**

A prisoner in federal custody may bring a motion under 28
U.S.C. § 2255 attacking his conviction or sentence on the
grounds that it violates the Constitution or United States law,
was imposed without jurisdiction, exceeds the maximum penalty,
or is otherwise subject to collateral attack. 28 U.S.C. § 2255.
Under Rule 4(b) of the Rules Governing § 2255 Proceedings, the
Court has the authority to review and deny a Section 2255 motion
before directing an answer "[i]f it plainly appears from the

1

motion, any attached exhibits, and the record of prior
proceedings that the moving party is not entitled to relief."
Rules Governing § 2255 Proceedings, Rule 4(b); *see Acosta v.
Nunez*, 221 F.3d 117, 123 (2d Cir. 2000). The Court is obliged,
however, to construe *pro se* pleadings liberally and interpret
them "to raise the strongest arguments they *suggest*."  *Triestman
v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)
(internal quotation marks and citations omitted) (emphasis in
original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir.
2001). Nevertheless, a *pro se* litigant is not exempt "from
compliance with relevant rules of procedural and substantive
law." *Triestman*, 470 F.3d at 477 (*citing Traguth v. Zuck*, 710
F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

Movant Oscar Minaya challenges his sentence imposed in
*United States v. Minaya*, No. 1:11-CR-0755-5 (S.D.N.Y. May 27,
2014), in which a jury convicted him of numerous felonies,
including Hobbs Act robbery, kidnapping, conspiracy, and using a
firearm in furtherance of a crime of violence. In a judgment
dated May 27, 2014, the Court sentenced Minaya to 92 years'
imprisonment. (ECF No. 303.) Minaya appealed his conviction and
after several years of appellate litigation, the Court
resentenced him to 47 years' incarceration. An amended judgment
was entered on June 29, 2021. (ECF No. 489.) Minaya did not file

2

a direct appeal, and the amended judgment therefore became final 14 days later, on July 13, 2021.

On June 28, 2022, the Court received from Minaya a motion requesting a 90-day extension of time to file a Section 2255 motion. By order dated June 30, 2022, the Court denied Minaya's motion without prejudice because a court lacks jurisdiction to consider the timeliness of a Section 2255 motion until the motion is filed. (ECF No. 530.) The Court explained that it was unable to construe the motion as a substantive motion under Section 2255 because it did not specify all grounds for relief or set forth facts supporting each ground for relief, as required by Rule 2(b) of the Rules Governing Section 2255 Proceedings. The Court advised Minaya that if he files his Section 2255 motion after the one-year limitation period expires on July 13, 2022, he should reallege facts showing that equitable tolling should apply.

On July 25, 2022, the Court received the instant Motion, which Minaya captions as "Defendant Minaya's Substantive Grounds on Which His Claims Will Rely. Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody." (ECF No. 1, at 1.) In his motion, which is often difficult to understand, Minaya lists five grounds for relief but suggests that he intends to file a subsequent Section 2255 motion in order to more fully articulate his claims and allege

facts in support of them. For example, Minaya's second ground for relief states in its entirety, "Attorney Martin Geduldig's innefifient assisntant of counsel during pre-trial statge of the Case. Defendant Asserts he will articulate this ground properly as soon as he filed the 2255 motion and reserved his right to Amend his pleadings timely."[1] (*Id.* at 2.) Similarly, with regard to his first ground of relief, Minaya states that he "Minaya will not articulate any argument right[] now, and asserts he will filed with the Court the appropriate motions in support of this ground as soon as the 2255 is been filed." (*Id.*) Minaya's motion includes no facts in support of his stated grounds for relief.

## DISCUSSION

### A. Designation of Application as Motion Under 28 U.S.C. § 2255

Minaya's motion must be construed as a motion for relief under 28 U.S.C. § 2255 because he seeks to vacate, set aside, or correct a sentence. *See Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001) (Section 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence"). If Minaya does not want to pursue relief under Section 2255, he may notify the Court in writing within 60 days

---

[1] The Court quotes the motion verbatim. All errors are in the original.

4

that he wishes to withdraw the application. *See Castro v. United States*, 540 U.S. 375, 383 (2003); *Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998) (*per curiam*). Minaya will have one opportunity within the limitations period for a full adjudication of his claims. If Minaya does not inform the Court of his intent within 60 days, the application will remain designated as a motion under Section 2255.

**B. Rule 2(b)**

A movant who files an application to vacate, set aside, or correct a sentence must submit a motion that conforms to the Rules Governing Section 2255 Proceedings. Rule 2(b) requires a motion to specify all of a movant's available grounds for relief, setting forth the facts supporting each of the specified grounds and stating the relief requested. A motion must permit the Court and Respondent to comprehend both the movant's grounds for relief and the underlying facts and legal theory supporting each ground so that the issues presented in the motion may be adjudicated.[2]

Here, Minaya's motion does not comply with Rule 2(b) because it does not set forth any facts supporting his specified grounds for relief, nor does it state the relief that he is requesting. Moreover, Minaya suggests in the motion that he

---

[2] Rule 2(c) requires that the motion must substantially follow a standard form, such as the form provided by this Court.

intends on submitting a future Section 2255 motion that more fully articulates his claims and includes facts supporting his grounds for relief.

Because Minaya has only one opportunity to bring a Section 2255 motion asserting all of the grounds on which he seeks relief from the judgment, the Court grants Minaya an opportunity to file an amended Section 2255 motion. In the amended Section 2255 motion, Minaya must assert all of his grounds for relief, allege facts in support of each ground, and state the relief he is seeking.

### C. Statute of Limitations

Minaya must also comply with the applicable statute of limitations for a Section 2255 motion. A federal prisoner seeking relief under Section 2255 must generally file a motion within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; or (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2255(f).

Minaya's conviction became final on July 13, 2021, when his time to file a direct appeal of the amended judgment expired.

*See* Fed. R. App. P. 4(b)(1) (requiring that appeals in criminal
cases be filed within 14 days of judgment); *Moshier v. United
States*, 403 F.3d 116, 118 (2d Cir. 2005) (*per curiam*) ("[F]or
purposes of § 2255 motions, an unappealed federal criminal
judgment becomes final when the time for filing a direct appeal
expires."). He therefore had one year from that date, or until
July 13, 2022, to file a timely Section 2255 motion. Minaya
appears to have mailed this motion to the Court on July 21,
2022,[3] and the Court received it on July 25, 2022, more than one
year after his judgment of conviction became final. Minaya
alleges no facts demonstrating that he has been pursuing his
rights diligently and that some extraordinary circumstances
prevented him from submitting his motion sooner, despite the
Court directing him to do so in its June 30, 2022, order. (*See*
ECF No. 530, at 5.)

Minaya is therefore directed to address in his amended
motion the apparent untimeliness of his filing and why it should
not be dismissed as time-barred. Minaya should allege any facts
that show that he has been pursuing his rights diligently and
that some extraordinary circumstance prevented him from timely

---

[3] Although the handwriting is difficult to discern, it appears that
Minaya placed this motion into the prison mail system on July 21,
2022. If Minaya did not place his motion into the prison mail system
on July 21, 2022, he should allege in his amended motion the correct
date on which he placed this motion into the prison mailing system.

submitting this motion. *See Holland v. Florida*, 560 U.S. 631, 649 (2010); *Green*, 260 F.3d at 82.

## CONCLUSION

Minaya's motion is construed as a motion under 28 U.S.C. § 2255. Within 60 days of the date of this order, Minaya must either notify the Court in writing if he wishes to withdraw the motion, or, if Minaya chooses not to withdraw his motion, file an amended motion under Section 2255 containing the information specified above. The amended motion must be submitted to this Court's Pro Se Office within 60 days of the date of this order, be captioned as an "Amended Motion" and bear the same docket number as this order. An Amended Motion Under 28 U.S.C. § 2255 form is attached to this order, which Minaya should complete as specified above. If Minaya fails to comply with this order within the time allowed, and cannot show good cause to excuse such failure, the motion will be denied.

Because Minaya has not at this time made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated:   New York, New York
         August 3, 2022

_____
        John F. Keenan
United States District Judge