UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OSCAR MINAYA, <br><br> Movant, <br><br> -v.- <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | 22 Civ. 6338 (KPF) <br><br> 11 Cr. 755-5 (KPF) <br><br> **ORDER** |

KATHERINE POLK FAILLA, District Judge:

In an Order dated August 3, 2022, the Honorable John F. Keenan, the District Judge to whom this case was originally assigned, ordered Mr. Minaya to either amend or withdraw a motion that had been construed as a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (11 Cr. 755 Dkt. #539). Mr. Minaya submitted an amended Section 2255 motion that was dated September 20, 2022, and that was docketed on September 26, 2022. (22 Civ. 6338 Dkt. #4 (the "Amended Motion")). In the Amended Motion, Mr. Minaya raises claims of ineffective assistance of counsel with respect to both his trial counsel, Martin Geduldig, Esq., and his resentencing counsel, Andrew M. St. Laurent, Esq.

After reviewing the papers, the Court believes that the testimony of Mr. St. Laurent is needed in order to allow the Government to respond to the motion.[1] Moreover, the Court finds that by making the motion, Mr. Minaya has waived the attorney-client privilege as a matter of law.

---

[1] Mr. Geduldig passed away in June 2020.

Accordingly, it is hereby ORDERED that Mr. St. Laurent give sworn testimony, in the form of an affidavit or declaration, addressing the allegations of ineffective assistance of counsel made by Mr. Minaya.

Cognizant of Formal Opinion 10-456 of the American Bar Association's Standing Committee on Ethics and Professional Responsibility (July 14, 2010), the Court is sending a document labeled "Informed Consent" to Mr. Minaya (a copy of which is attached to this Order). Mr. Minaya must execute this document within 30 days of the date of this Order. If the document is not received within that 30-day period, the Court will deny the Section 2255 motion, on the ground that Mr. Minaya failed to authorize the disclosure of information needed to permit the Government to respond to the motion.

Mr. St. Laurent is directed to submit his sworn statement within 30 days of the docketing of Mr. Minaya's waiver. The Government will then have 60 days from the docketing of Mr. St. Laurent's sworn statement to submit its response to the Amended Motion.

The Court of Court is directed to docket this Order in both cases and to mail a copy of the Order to Mr. Minaya at his address of record.

SO ORDERED.

Dated:   October 5, 2022
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OSCAR MINAYA,<br><br>                   Movant,<br><br>   -v.-<br><br>UNITED STATES OF AMERICA,<br><br>                  Respondent. | 22 Civ. 6338 (KPF)<br><br>11 Cr. 755-5 (KPF)<br><br>**Attorney-Client Privilege Waiver (Informed Consent)** |

KATHERINE POLK FAILLA, District Judge:

    You have made a motion to have your sentence set aside on the ground that you received ineffective assistance from your attorney, Andrew M. St. Laurent, Esq. The Court has reviewed your papers and determined that it needs to have a sworn testimonial statement from your former attorney in order to evaluate your motion. To the extent your papers cite privileged communications, the Court has not considered the privileged communications.

    The American Bar Association requires your attorney to obtain your consent before disclosing confidential communications between you and him that may bear on the disposition of your motion. This is a professional ethics requirement; there is no legal requirement that you give your attorney's permission to disclose such information. In fact, as a matter of law, you have waived the attorney-client privilege by making your motion, which means that if you wish to press your claim of ineffective assistance, you cannot keep the communications between yourself and your lawyer a secret — you must allow them to be disclosed to the Government and to the Court pursuant to Court order.

    If you wish to proceed with your motion to set aside your sentence on the basis that you received ineffective assistance of counsel, you must sign this statement and return it to the Court in the attached envelope (keeping a copy for your records). The form authorizes your attorney to disclose confidential communications (i) only in response to a Court order and (ii) only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by your motion.

You should know that if you sign this authorization, you run the risk that your attorney will contradict your statements about their representation of you. However, you should also know that the Court will deny your motion if you do not authorize your attorney to give an affidavit in response to the Court's attached order. Nothing in the American Bar Association's opinion alters the fact that you have already waived the attorney-client privilege; if you frustrate the Court's ability to decide your motion by refusing to sign this authorization, your motion will be denied for failure to prosecute that motion.

You must return this form, signed by you and notarized, within thirty (30) days from the date of the Court's Order directing your lawyer to give testimony. If the Court does not receive this form, signed by you and notarized, within those thirty (30) days, the Court will automatically deny your motion.

NOTARIZED AUTHORIZATION

I have read the Court's Order dated September 3, 2020, and this document captioned "<u>Attorney-Client Privilege Waiver (Informed Consent)</u>." I hereby authorize my former attorney, Andrew M. St. Laurent, Esq., to comply with the Court's order by giving testimony, in the form ordered by the Court, relating to my motion to set aside my sentence on the ground of ineffective assistance of counsel. This authorization allows my former attorney to testify only pursuant to Court order, and only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by my motion.

Dated:                                                          _____
                                                                 Oscar Minaya

Sworn to before me this _____
day of _____, 20___


_____
Notary Public