UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OSCAR MINAYA,

Movant,

-v.-

UNITED STATES OF AMERICA,

Respondent.

22 Civ. 6338 (KPF)

11 Cr. 755-5 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

The Court is in receipt of Mr. St. Laurent's declaration in opposition to Mr. Minaya's motion to vacate dated November 16, 2022 (11 Cr. 755-5 Dkt. #551), and the Government's memorandum of law in opposition to Mr. Minaya's motion to vacate and related motions filed December 28, 2022 (11 Cr. 755-5 Dkt. #52; 22 Civ. 6338 Dkt. #13). Mr. Minaya is directed to file his reply, if any, on or before **February 6, 2023.** For completeness, the Court attaches Mr. St. Laurent's declaration and supporting exhibits to this Order.

The Clerk of Court is directed to docket this Order in both cases and to mail a copy of the Order and Mr. St. Laurent's declaration and supporting exhibits to Mr. Minaya at his address of record.

SO ORDERED.

Dated: December 29, 2022
New York, New York

KATHERINE POLK FAILLA
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
OSCAR MINAYA,

Petitioner,

- against -

UNITED STATES OF AMERICA,

Respondent.
-----------------------------------------------------------X

22 Civ. 6338 (KPF)

11 Cr. 755-5 (KPF)

**DECLARATION OF ANDREW ST. LAURENT**

I, Andrew St. Laurent, under penalties of perjury pursuant to 28 U.S.C. § 1746, swear and aver to the following:

1. I was previously attorney of record for petitioner Oscar Minaya ("Minaya").

2. On September 20, 2022, Minaya filed a petition under 28 U.S.C. § 2255 alleging, among other things, ineffective assistance of counsel claims against me in connection with my previous representation of him, which petition was filed in the Court on September 26, 2022 (22 Civ. 6338 (KPF) Docket Entry 4) (the "Petition").

3. On October 5, 2022, the Court directed that Minaya execute a waiver of attorney-client privilege as a condition of the Court's consideration of his ineffective assistance of counsel claims in the Petition and directed undersigned counsel to file a sworn declaration in response within thirty (30) days of the docketing of Minaya's waiver.

4. On October 25, 2022, the Court docketed the executed version of Minaya's waiver of his attorney-client privilege.

5. This declaration follows.

6. In the Petition, Minaya seeks relief on a number of grounds, including ineffective assistance of counsel by his trial attorney, Martin Geduldig, and undersigned counsel, who represented Minaya in connection with his appeal and his resentencing after appeal.

7. This Declaration addresses only those claims against undersigned counsel and is based, unless otherwise stated, on undersigned counsel's direct knowledge of the underlying events by his own personal observation and involvement in those events. Specifically, this Declaration addresses those claims made in "Ground Three" of his Petition, i.e., that undersigned counsel failed to communicate two plea offers in this case to Minaya, who would have accepted one or the other of such plea offers had they been communicated, and that undersigned counsel failed to file a notice of appeal, despite Minaya's explicit instructions that he do so. *Id.* at 66-74.

8. As explained in more detail below, no plea offers were ever made to Minaya during the time that Minaya was represented by undersigned counsel, and accordingly no plea offers were communicated to Minaya by undersigned counsel. Further, Minaya instructed undersigned counsel not to file a notice of appeal and, following those instructions, undersigned counsel did not file a notice of appeal.

<u>Conviction and Sentence</u>

9. Minaya was found guilty following a three-week trial in the United States District Court for the Southern District of New York in 2013. (Keenan, J.). Minaya was charged with conspiracy to commit Hobbs Act robbery (Count One), conspiracy to commit kidnaping (Count Two), one count of the use of a firearm in furtherance of the conspiracies to commit Hobbs Act robbery and to commit kidnapping (Count Three), three substantive Hobbs Act robbery charges (Counts Four, Ten, Thirteen) two substantive kidnapping charges (Counts Five, Eleven), two counts of use of a firearm in connection with either a substantive robbery or a substantive

kidnapping offense (Counts Six, Twelve), one count of use of a firearm in connection with a substantive robbery offense (Court Thirteen) and narcotics conspiracy (Count Fifteen). Minaya was convicted on all counts, including the four Section 924(c) charges. Minaya was sentenced to an aggregate sentence of 92 years of incarceration and 5 years of post-release supervision.

10. Significantly for purposes of this declaration, Minaya's sentence included "stacked" consecutive sentences on the four Section 924(c) counts, with a mandatory minimum sentence of 7 years being imposed on the first Section 924(c) count, and three consecutive mandatory minimum sentences of 25 years being imposed on the three remaining Section 924(c) counts. In addition, Minaya had a 10-year mandatory minimum sentence on the narcotics conspiracy count, to which all of the Section 924(c) counts were required to run consecutively. Accordingly, the 92-year sentence imposed by Judge Keenan was the minimum allowed by law at the time.

11. Minaya filed a timely notice of appeal.

Appeal to the Second Circuit

12. After the notice of appeal was filed, Martin Geduldig, Minaya's trial counsel, moved to withdraw. On July 11, 2014, the United States Court of Appeals for the Second Circuit ("Second Circuit") granted the motion and appointed undersigned counsel to represent Minaya under the Criminal Justice Act.

13. Minaya timely filed his principal brief, appendix, and reply brief in the Second Circuit.

14. After briefing and oral argument, on February 11, 2016, Minaya filed a letter under Fed. R. App. P. 28(j), bringing to the Second Circuit's attention then-recent caselaw holding that the definition of "crime of violence" under Section 924(c)(3)(B) was unconstitutionally vague and

that conspiracy to commit Hobbs Act robbery, as well as, potentially, substantive Hobbs Act robbery and kidnapping, were not "crimes of violence" for the purposes of Section 924(c).

15. On February 26, 2016, the Second Circuit granted the unopposed motions of Minaya and his two co-appellants to reserve decision on their appeals pending the decisions by the Second Circuit in *United States v. Barrett* (Docket No. 14-2641) and *United States v. Hill* (Docket No. 14-3872).

16. Following the decisions in *Barrett* and *Hill*, that held, respectively, that conspiracy to commit Hobbs Act robbery was a "crime of violence" and that substantive Hobbs Act robbery was a "crime of violence" under Section 924(c), the Second Circuit affirmed Minaya's conviction and sentence in all respects on February 5, 2019.

17. Following unsuccessful petitions for rehearing and rehearing *en banc*, Minaya petitioned the United States Supreme Court for certiorari on July 19, 2019.

18. On November 4, 2019, the Supreme Court granted Minaya's petition, vacated his convictions, and remanded the matter to the Second Circuit for further consideration in light of *United States v. Davis*, 588 U.S. ____ (2019).

19. Following additional briefing in the Second Circuit, on January 22, 2021, the Second Circuit vacated one count of conviction, the Section 924(c) violation predicated, in the alternative, on conspiracy to commit Hobbs Act robbery and conspiracy to kidnap, and remanded Minaya's case for plenary resentencing before this Court. *See United States v. Minaya,* 841 Fed. Appx. 301 (2d Cir. 2021). The Second Circuit affirmed the remainder of Minaya's convictions.

<u>Resentencing</u>

20. After the Second Circuit issued the mandate, jurisdiction was restored to this Court.

21. The Court (Keenan, J.) set the matter down for resentencing on June 23, 2021, ordered the preparation of a revised presentence report, and set a schedule for pre-sentencing briefing.

22. During the period between the issuance of the mandate and the resentencing, undersigned defense counsel discussed with Minaya and with Jacob Fiddelman, the responsible Assistant United States Attorney, whether there was a possible disposition on Minaya's sentence. Given the sharp disagreements between the parties as to the sentence required under the law (as described in more detail below), these negotiations did not result in a plea offer being extended by the government. No plea offer was ever made by the government or communicated by undersigned counsel to Minaya.

23. The critical issue for resentencing was whether Minaya should be sentenced applying the First Step Act, which Congress had passed in 2018. Importantly for Minaya's resentencing, the First Step Act required that for the increased mandatory minimum sentence of 25 years for a "second or subsequent" conviction under Section 924(c) to apply, the second or subsequent conviction must have been committed "after a prior [§ 924(c)] conviction . . . has become final[.]" First Step Act, § 403(b). In Minaya's case, because he had no convictions for a Section 924(c) violation at the time of his arrest, and, in fact, had no criminal record at all, if the First Step Act applied none of his convictions would be "second or subsequent" convictions.

24. Because the majority of Minaya's sentence was a result of the "stacked" 25-year mandatory minimum sentences, whether the First Step Act applied to his resentencing was of fundamental importance. In numerical terms, if the First Step Act applied, Minaya's mandatory minimum sentence was 31 years: 10 years from the narcotics conspiracy and 7 years from each of the three mandatory consecutive Section 924(c) violations that remained following *vacatur* of the

Section 924(c) violation predicated on the conspiracy counts. By contrast, if the First Step Act did not apply, Minaya's mandatory minimum sentence would be 36 years higher: 10 years from the narcotics conspiracy, 7 years from the "first" Section 924(c) violation and 25 years each from the two "second or subsequent" Section 924(c) violations, totaling 67 years.

25. The government and Minaya briefed the First Step Act issue. The government argued that the First Step Act did not apply, that a mandatory minimum sentence of 67 years was therefore required and that such a sentence was sufficient under the sentencing guidelines. Minaya argued that the First Step Act applied, that the applicable mandatory minimum sentence was 31 years, and that such a sentence was more than sufficient to satisfy the purposes of sentencing.

26. Judge Keenan sentenced Minaya on June 23, 2021. Judge Keenan ruled that the First Step Act did apply to Minaya's resentencing and that, accordingly, the mandatory minimum sentence was 31 years. (6/23/2021 Tr. 20). Rejecting Minaya's argument that the minimum sentence was appropriate, Judge Keenan imposed an aggregate sentence of 47 years on Minaya. *Id.* at 22.

27. Judgment was entered on June 29, 2021.

Communications Between Counsel and Minaya Following Sentence Concerning An Appeal

28. The issue of whether, and under what circumstances, the First Step Act applies to sentences that were vacated after the passage of the act was at the time of Minaya's sentencing in 2021, and remains now, an issue of considerable disagreement in the federal courts.

29. Then, as now, there was a Circuit split on this issue. *See United States v. Merrill*, 37 F.4th 571, 575 (9th Cir. 2022) (citing cases). Then, as now, there is no controlling Second Circuit or Supreme Court precedent on this issue. As Judge Keenan noted at sentencing, on just the day before Minaya's sentencing, the Second Circuit had reserved on the question of the application of

the Fair Sentencing Act following *vacatur* of a previously imposed sentence. (6/23/2021 Tr. 20). *See United States v. Eldridge*, 2 F.4th 27, 41 (2d Cir. 2021) ("We have thus far declined to resolve … these issues for ourselves and we have no occasion to do so here, since we affirm Eldridge's sentence in its entirety.") (citation omitted), *cert. granted, judgment vacated*, 142 S. Ct. 2863 (June 27, 2022). The Second Circuit has still not addressed this issue as of this writing.

30. Since Minaya's sentencing, an intra-circuit split has developed. *Compare United States v. Figueroa*, 530 F. Supp. 3d 437, 444 (S.D.N.Y. 2021) (Fair Sentencing Act applies); *Acosta v. United States*, No. 1:03-CR-00011-MAT, 2019 WL 4140943, at *8 (W.D.N.Y. Sept. 2, 2019) (same) *with United States v. Nix*, No. 6:14-CR-06181 EAW, 2022 WL 1746775, at *5 (W.D.N.Y. May 31, 2022) (Fair Sentencing Act did not apply).

31. The uncertainty in the state of the law regarding the First Step Act played a critical role in the advice undersigned counsel gave Minaya in the days following the sentence. During an in-person meeting on July 6, 2021, undersigned counsel explained the risks of taking an appeal in the following way: while Minaya had some chance of prevailing on appeal of the sentence Judge Keenan had imposed of 47 years, if Minaya filed a notice of appeal, that would considerably increase the chances of the government filing a notice of a cross-appeal, and challenging the application of the First Step Act to Minaya's sentence. Even if successful, an appeal by Minaya would simply send the case back to Judge Keenan for resentencing on the same factual record and in the same legal framework. This could result in little or no change to sentence imposed and no chance of a sentence of less than 31 years being imposed. On the other hand, if the government were to prevail on a cross-appeal, and the Second Circuit were to agree with the government's argument that the First Step Act did not apply, Minaya would be resentenced to a term of not less

than 67 years. Given the relative risks and benefits, undersigned counsel recommended that Minaya not file a notice of appeal.

32. However, during that conversation and throughout the entire representation, undersigned counsel made clear that this decision was Minaya's alone and if Minaya directed, undersigned counsel would file the notice of appeal.

33. Given the importance of this decision to Minaya, undersigned counsel wrote a detailed letter to Minaya on July 7, 2021 (attached hereto as Exhibit 1) reflecting this same line of argument, making the same recommendation, and asking Minaya to get back to undersigned counsel concerning his decision no later than July 12th.

34. On July 12, 2021, Minaya reached out to undersigned counsel, informed that he did not want to file a notice of appeal and instructed undersigned counsel not to file it. That same day, undersigned counsel wrote Minaya a letter reflecting that conversation and informing Minaya of the consequences of that decision (attached hereto as Exhibit 2).

35. Minaya did not inform undersigned counsel of any change of heart concerning his appeal after this letter was sent.

36. On August 16, 2021, undersigned counsel wrote again to Minaya, informing that the government had not filed a notice of appeal, that as a result there would not be an opportunity to file a cross-appeal and that, other than through a 2255 petition or compassionate release application, Minaya's sentence had become final (attached hereto as Exhibit 3).

37. Minaya did not inform undersigned counsel of any change of heart after this letter was sent.

38. Minaya never instructed counsel to file a notice of appeal. Had Minaya so instructed undersigned counsel at any time, undersigned counsel would have filed a notice of appeal.

39. Undersigned counsel remains available to address any other question or concern regarding this matter at the discretion of the Court.

Dated: November 16, 2022
       New York, New York

                                                  Andrew St. Laurent



July 7, 2021

**By First Class Mail (Special Mail – Open in Presence of Inmate)**
Oscar Minaya
Reg. #65612-054
MDC-New York
80 29th Street
Brooklyn, NY  11232

Dear Mr. Minaya,

It was a pleasure talking to you yesterday. I am sorry we have come to this pass but you have important decisions about your rights and next steps that you have to make in the next few days.

As we discussed, the judgment in your case was filed on June 29, 2021.  Among other things, this judgment starts the clock for the very short period of time in which you have to file a notice of appeal.  Fed. R. App. P. 4(b) provides that a defendant in a criminal case must file a notice of appeal within fourteen (14) days or risk waiving his appellate rights.  This means that any notice must be filed by July 13th, and I would recommend filing no later than July 12th to avoid accidentally waiving your rights in the event of some technical or other difficulty.

This is an important decision for you to make, with a lot of different outcomes to consider. I recommend you not file a notice of appeal unless the government files one. My belief is that the government is more likely to succeed on appeal than you are, and even a "win" in the Second Circuit won't necessarily mean a shorter sentence.

Let me give you some background. We won in the Supreme Court in 2019. The Supreme Court vacated your conviction and sentence and sent your case back to the Second Circuit.  In the Second Circuit in 2021, we got one 924(c) count vacated but lost on two counts, and as to the fourth, we never had an argument.  I filed a petition for certiorari of this decision by the Second Circuit but the Supreme Court refused to hear the case back in early June, which means that decision is now final and cannot be further appealed.

As a result, when we went back on June 23rd in front of Judge Keenan, you still had three Section 924(c) counts, as well as conspiracy, kidnapping and robbery counts to be considered at sentencing. There are no further appeals available as to any of the counts of conviction.

The key issue before Judge Keenan was whether your case fell within the First Step Act. We said it did and that the minimum sentence was 31 years. The prosecution said the First Step Act did not apply and so the mandatory minimum was 67 years.

Judge Keenan ruled in your favor on the First Step Act. However, he did not impose the legal minimum sentence of 31 years but instead imposed a sentence of 47 years.

Because Judge Keenan imposed an above Guidelines sentence and because there was no plea agreement waiving or limiting your appeal rights, you have a potentially viable appeal to the Second Circuit because Judge Keenan, at least arguably, did not say what the reasons were why he gave you a sentence above the guidelines range. However, keep in mind that such an appeal would be limited to the sentence Judge Keenan imposed on June 23rd. We can't make arguments about the validity of the convictions underlying that sentence now. Furthermore, even if we were to win in the Second Circuit, the result of that victory would simply be a remand to Judge Keenan. While Judge Keenan could give you a lower sentence, he could also just say what he should have said the first time, and give more detailed reasons as to why a 47-year sentence made sense.

On the other hand, the government has a better chance of ultimate success on appeal. It is true that three Courts of Appeals, the Fourth, Sixth and Seventh, have decided First Step Act cases in favor of defendants, while the Third has squarely ruled against them, and the Sixth has ruled both ways. The Second Circuit has yet to make a decision, and there is no guarantee that it will rule in your favor. Moreover, even if the Second Circuit rules in your favor, it is possible that the Supreme Court will ultimately rule against you on this point. And if this point ultimately went against you, you would be subject to a mandatory minimum sentence of 67 years, as the government argued before Judge Keenan. If your case is still "open" on appeal, it is virtually certain that such an adverse ruling would apply to you.

Now, it is possible that the government will file a notice of appeal even if you do not. If that happens, you will automatically get another 14 days in which to file a notice of appeal, and under those circumstances, it may make sense for you to file such a notice. However, in my experience, the government rarely appeals from decisions in criminal cases, even those that go against them, unless the defendant files a notice of appeal first. For example, the government did not file a notice of appeal in the *Figueroa* case I relied on before Judge Keenan, which was decided in favor of the defendant on the First Step Act issue in the Southern District of New York in March of this year.

If no appeal is taken from Judge Keenan's decision, it will become final 30 days after June 29th. This means that your sentence of 47 years will remain even if the Second Circuit or the Supreme Court ultimately rules in a way that would be unfavorable to you in the future.

Based on this balance of risks, it is my strong recommendation that you NOT file a notice of appeal and allow this sentence to become final.

I know that 47 years is a terribly long sentence, even if it is much less than the 92-year sentence that was previously imposed. As we discussed, because of other provisions of the First Step Act you can apply for compassionate release well before your statutory release date. While this is true whether you have a 47-year sentence or a 67-year sentence (or even a 92-year sentence), federal judges deciding compassionate release applications are often "anchored" by the sentence, considering the amount of time that a defendant has already served as one of, and often the most important one of, the facts to be considered on a compassionate release application.

For these reasons, I recommend not filing a notice of appeal or further challenging your sentence on direct appeal. Even after your sentence becomes final you would still have the ability to file a 2255 application on the basis of ineffective assistance of counsel or newly discovered evidence. Keep in mind that any such 2255 application must be brought within one (1) year of your conviction becoming final.

I will try to schedule another call with you for Friday or Monday. But feel free to write back to me before then with any questions you have or a decision if you make one before then.

I am enclosing the transcript of the June 23rd sentencing in case you want to review it.

In Spanish

Fue un placer hablar contigo ayer. Lamento que hayamos llegado a este punto, pero tiene decisiones importantes sobre sus derechos y los próximos pasos que debe tomar en los próximos días.

Como comentamos, la sentencia en su caso se presentó el 29 de junio de 2021. Entre otras cosas, esta sentencia pone en marcha el reloj por el muy corto período de tiempo en el que tiene que presentar una notificación de apelación. Alimentados. R. App. P. 4 (b) establece que un acusado en un caso penal debe presentar una notificación de apelación dentro de los catorce (14) días o arriesgarse a renunciar a sus derechos de apelación. Esto significa que cualquier aviso debe presentarse antes del 13 de julio, y recomendaría hacerlo a más tardar el 12 de julio para evitar renunciar accidentalmente a sus derechos en caso de alguna dificultad técnica o de otro tipo.

Esta es una decisión importante que debe tomar, con muchos resultados diferentes a considerar. Le recomiendo que no presente una notificación de apelación a menos que el gobierno presente una. Creo que es más probable que el gobierno tenga éxito en la apelación que usted, e incluso una "victoria" en el Segundo Circuito no significará necesariamente una sentencia más corta.

Déjame darte algunos antecedentes. Ganamos en la Corte Suprema en 2019. La Corte Suprema anuló su condena y sentencia y envió su caso de regreso al Segundo Circuito. En el Segundo Circuito en 2021, obtuvimos un conteo 924 (c) vacante pero perdido por dos cargos, y en cuanto al cuarto, nunca tuvimos una discusión. Presenté una petición de certiorari de esta decisión por parte del Segundo Circuito, pero la Corte Suprema se negó a escuchar el caso a principios de junio, lo que significa que la decisión ahora es definitiva y no se puede apelar más.

Como resultado, cuando volvimos el 23 de junio frente al juez Keenan, todavía tenía tres cargos de la Sección 924 (c), así como los cargos de conspiración, secuestro y robo para ser considerados en la sentencia. No hay más apelaciones disponibles en cuanto a ninguno de los cargos de condena.

La cuestión clave ante el juez Keenan era si su caso se enmarcaba en la Ley de Primeros Pasos. Dijimos que sí y que la pena mínima era de 31 años. La fiscalía dijo que la Ley de Primeros Pasos no se aplicaba, por lo que el mínimo obligatorio era de 67 años.

El juez Keenan falló a su favor sobre la Ley de Primeros Pasos. Sin embargo, no impuso la pena mínima legal de 31 años, sino que impuso una pena de 47 años.

Debido a que el juez Keenan impuso una sentencia de las Directrices anterior y porque no hubo un acuerdo de declaración de culpabilidad que renunciara o limitara sus derechos de apelación, tiene una apelación potencialmente viable ante el Segundo Circuito porque el juez Keenan, al menos posiblemente, no dijo cuáles fueron las razones por las usted una oración por encima del rango de las pautas. Sin embargo, tenga en cuenta que dicha apelación se limitaría a la sentencia que el juez Keenan impuso el 23 de junio. No podemos argumentar ahora sobre la validez de las condenas que subyacen a esa sentencia. Además, incluso si ganáramos en el Segundo Circuito, el resultado de esa victoria sería simplemente una devolución al juez Keenan. Si bien el juez Keenan podría darle una sentencia más baja, también podría simplemente decir lo que debería haber dicho la primera vez y dar razones más detalladas de por qué una sentencia de 47 años tenía sentido.

Por otro lado, el gobierno tiene más posibilidades de éxito final en la apelación. Es cierto que tres Tribunales de Apelaciones, el Cuarto, el Sexto y el Séptimo, han resuelto los casos de la Ley del Primer Paso a favor de los acusados, mientras que el Tercero ha fallado directamente en su contra y el Sexto ha fallado en ambos sentidos. El Segundo Circuito aún tiene que tomar una decisión y no hay garantía de que fallará a su favor. Además, incluso si el Segundo Circuito falla a su favor, es posible que la Corte Suprema finalmente se pronuncie en su contra en este punto. Y si este punto finalmente fuera en su contra, estaría sujeto a una sentencia mínima obligatoria de 67 años, como argumentó el gobierno ante el juez Keenan. Si su caso aún está "abierto" en la apelación, es prácticamente seguro que tal decisión adversa se aplicaría en su caso.

Ahora, es posible que el gobierno presente una notificación de apelación incluso si usted no lo hace. Si eso sucede, automáticamente tendrá otros 14 días para presentar una notificación de apelación y, en esas circunstancias, puede tener sentido que presente dicha notificación. Sin embargo, en mi experiencia, el gobierno rara vez apela las decisiones en casos penales, incluso aquellos que van en su contra, a menos que el acusado presente primero una notificación de apelación. Por ejemplo, el gobierno no presentó una notificación de apelación en el caso Figueroa en el que me basé ante el juez Keenan, que se decidió a favor del acusado en el asunto de la Ley First Step en el Distrito Sur de Nueva York en marzo de este año.

Si no se apela la decisión del juez Keenan, será definitiva 30 días después del 29 de junio. Esto significa que su sentencia de 47 años se mantendrá incluso si el Segundo Circuito o la Corte Suprema finalmente dictamina de una manera que sería desfavorable para usted en el futuro.

Con base en este balance de riesgos, le recomiendo firmemente que NO presente una notificación de apelación y permita que esta sentencia se convierta en definitiva.

Sé que 47 años es una sentencia terriblemente larga, incluso si es mucho menor que la sentencia de 92 años que se impuso anteriormente. Como comentamos, debido a otras disposiciones de la Ley de Primeros Pasos, puede solicitar la liberación compasiva mucho antes de la fecha de liberación legal. Si bien esto es cierto ya sea que tenga una sentencia de 47 años o una sentencia de 67 años (o incluso una sentencia de 92 años), los jueces federales que deciden las solicitudes de liberación compasiva a menudo están "anclados" en la sentencia, considerando la cantidad de tiempo que un El acusado ya ha servido como uno de los hechos que se deben considerar en una solicitud de liberación compasiva y, a menudo, el más importante de ellos.

Por estas razones, recomiendo no presentar un aviso de apelación ni desafiar aún más su sentencia en apelación directa. Incluso después de que su sentencia sea definitiva, aún podrá presentar una solicitud 2255 sobre la base de la asistencia ineficaz de un abogado o de pruebas recién descubiertas. Tenga en cuenta que cualquier solicitud 2255 de este tipo debe presentarse dentro de un (1) año después de que su condena se convierta en definitiva.

Intentaré programar otra llamada con usted para el viernes o el lunes. Pero siéntase libre de responderme antes de esa fecha con cualquier pregunta que tenga o una decisión si toma una antes de esa fecha.

Te adjunto la transcripción de la sentencia del 23 de junio por si quieres revisarla.

Sincerely,

Andrew St. Laurent

w/encl.



July 12, 2021

**By First Class Mail (Special Mail – Open in Presence of Inmate)**
Oscar Minaya
Reg. #65612-054
MDC-New York
80 29th Street
Brooklyn, NY 11232

Dear Mr. Minaya,

It was a pleasure talking to you earlier today. As we discussed last week and again this morning, it is unfortunately my recommendation that you not file a notice of appeal in this matter and that you not further challenge (at least not on direct appeal) the sentence of 47 years that Judge Keenan imposed last month.

I appreciate you putting your trust in my judgment and accepting my advice, as difficult as it must be, to not further appeal this sentence, given the genuine risk that some future court action will ultimately result in the imposition of the 67-year sentence that the government had argued was the minimum allowed by law. Because you and I agree that further challenge is too risky to take on, I will not a file a notice of appeal for you. Tomorrow is the last day for a notice of appeal to be timely filed by you.

Now, it is possible that the government will file a notice of appeal even if you do not. If that happens, you will automatically get another 14 days in which to file a notice of appeal, and under those circumstances, it may make sense for you to file such a notice. If neither side files an appeal by July 29th (the last day for the government to file a notice of appeal – they government gets 30 days, defendants only 14) your conviction and sentence will become final regardless of any further decisions that may be made by the Second Circuit or the Supreme Court.

Even after your sentence becomes final you can still file a 2255 application on the basis of ineffective assistance of counsel or newly discovered evidence or possibly some other theory. Keep in mind that any such 2255 application must be brought within one (1) year of your conviction becoming final, which means, in your case, that it should be filed so as to be received by the Court no later than June 22, 2022.

Depending on the district court's decision appointing me for your 2255 application, this may be my last communication with you as your lawyer. It has been a genuine pleasure getting to know you and working with you on this appeal for all these years. While we accomplished a lot, we did not achieve everything that we set out to do. That being said, I remain proud of the work we have done together on this matter. Please do not hesitate to contact me in the future.

In Spanish

Fue un placer hablar con usted hoy. Como discutimos la semana pasada y nuevamente esta mañana, desafortunadamente es mi recomendación que no presente una notificación de apelación en este asunto y que no impugne más (al menos no en apelación directa) la sentencia de 47 años que el juez Keenan impuso el último. mes.

Le agradezco que ponga su confianza en mi juicio y acepte mi consejo, por difícil que sea, de no apelar más esta sentencia, dado el riesgo real de que alguna acción judicial futura resulte en la imposición de la sentencia de 67 años que el gobierno había argumentado que era el mínimo permitido por la ley. Debido a que usted y yo estamos de acuerdo en que es demasiado arriesgado aceptar más impugnaciones, no presentaré una notificación de apelación en su nombre. Mañana es el último día para que usted presente una notificación de apelación a tiempo.

Ahora, es posible que el gobierno presente una notificación de apelación incluso si usted no lo hace. Si eso sucede, automáticamente tendrá otros 14 días para presentar una notificación de apelación y, en esas circunstancias, puede tener sentido que presente dicha notificación. Si ninguna de las partes presenta una apelación antes del 29 de julio (el último día para que el gobierno presente una notificación de apelación; el gobierno tiene 30 días, los acusados solo 14), su condena y sentencia serán definitivas independientemente de cualquier otra decisión que pueda tomar el Segundo Circuito o la Corte Suprema.

Incluso después de que su sentencia sea definitiva, aún puede presentar una solicitud 2255 sobre la base de la asistencia ineficaz de un abogado o evidencia recién descubierta o posiblemente alguna otra teoría. Tenga en cuenta que cualquier solicitud 2255 de este tipo debe presentarse dentro de un (1) año de que su condena se convierta en definitiva, lo que significa, en su caso, que debe presentarse de manera que el Tribunal la reciba a más tardar el 22 de junio de 2022.

Dependiendo de la decisión del tribunal de distrito que me nombró para su solicitud 2255, esta puede ser mi última comunicación con usted como su abogado. Ha sido un verdadero placer conocerlo y trabajar con usted en este llamamiento durante todos estos años. Si bien logramos mucho, no logramos todo lo que nos propusimos. Dicho esto, sigo orgulloso del trabajo que hemos realizado juntos en este asunto. No dude en ponerse en contacto conmigo en el futuro.

Sincerely,

Andrew St. Laurent


August 16, 2021

**By First Class Mail (Special Mail – Open in Presence of Inmate)**
Oscar Minaya
Reg. #65612-054
MDC-New York
80 29th Street
Brooklyn, NY 11232

Dear Mr. Minaya,

I am writing again in connection with your case. I wanted to let you know that the government did NOT file a notice of appeal within the thirty days (30) that they are granted by statute. This means that there will be no further appeals or action taken in connection with your sentence on direct appeal and the sentence of 47 years will stand.

This does not mean, however, that you have no further remedies. As I wrote you previously you have the ability to file a 2255 petition, also known as a petition for a writ of habeas corpus, within one (1) year of your conviction becoming final, which is no earlier than the June 29, 2021 date upon which the judgment was filed in your case. In addition, as we have also discussed, you can file a motion for compassionate release at virtually any time. In short, while the sentence you have now is still extraordinarily long, it is substantially shorter than it was and avenues remain to shorten it still further.

My work on your case is now complete. I really appreciate having had the opportunity to work with you on your case.

Please do feel free to get in touch with me again, for any reason.

Best of luck with everything going forward.

**In Spanish**

Le escribo de nuevo en relación con su caso. Quería informarle que el gobierno NO presentó una notificación de apelación dentro de los treinta días (30) que le otorga la ley. Esto significa que no habrá más apelaciones o acciones tomadas en relación con su sentencia en apelación directa y la sentencia de 47 años se mantendrá.

Sin embargo, esto no significa que no tenga más remedios. Como le escribí anteriormente, tiene la capacidad de presentar una petición 2255, también conocida como petición de un recurso de hábeas corpus, dentro de un (1) año de que su condena se convierta en definitiva, que no es anterior a la fecha del 29 de junio de 2021. sobre la cual se presentó la sentencia en su caso. Además, como también hemos comentado, puede presentar una moción de liberación compasiva en prácticamente cualquier momento. En resumen, si bien la sentencia que tiene ahora es extraordinariamente larga, es sustancialmente más corta de lo que era y quedan vías para acortarla aún más.

Mi trabajo en su caso ya está completo. Realmente agradezco haber tenido la oportunidad de trabajar con usted en su caso.

No dude en volver a ponerse en contacto conmigo, por cualquier motivo.

Mucha suerte con todo lo que se avecina.

Sincerely,

Andrew St. Laurent